UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRELL D. BEASLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:10-CV-787 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter is before the Court on the petition of Terrell Beasley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I.  Procedural History

Petitioner Terrell Beasley is currently incarcerated in the Jefferson City, Missouri Correctional Center pursuant to the judgment of the Circuit Court of the City of St. Louis. On April 4, 2003, petitioner was found guilty of second-degree murder, in violation of Mo.Rev.Stat. § 565.021, first-degree assault, in violation of Mo.Rev.Stat. § 565.050, and two counts of armed criminal action, in violation of Mo.Rev.Stat. § 571.015. Resp. Ex. C at 91-96. On June 5, 2003, petitioner was sentenced to life imprisonment on the murder conviction, a consecutive term of 15 years imprisonment on the assault conviction, and concurrent terms of 20 and 15 years imprisonment on the armed criminal action convictions. Resp. Ex. C at 110-113.

On June 4, 2004, the Missouri Court of Appeals of the Eastern District affirmed petitioner's conviction and sentence in a per curiam order. State v. Beasley, 136 S.W.3d 525 (Mo. App. E.D. 2004) (Resp. Ex. F). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its

decision. Id.

On July 3, 2003, petitioner filed a motion for post-conviction relief under Missouri Rule 29.15. Resp. Ex. I at 4-15. On May 7, 2008, after an evidentiary hearing, the trial court denied petitioner's post-conviction motion. Id. at 39-46. On April 22, 2009, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curiam opinion. Beasley v. State, 280 S.W.3d 794 (Mo. App. E.D. 2009) (Resp. Ex. K). The appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts six grounds for relief: (1) trial counsel was ineffective for failing to inform him that it was his decision whether to testify; (2) trial counsel was ineffective for failure to interview, investigate, and secure witness Rodney Silinzy; (3) the trial court erred in denying his motion for a continuance and his alternative motion to strike witnesses; (4) the trial court erred in denying his motion for a mistrial; (5) the trial court erred in sustaining the State's objection to the admission of evidence related to shell casings from the victim's gun which were found at the scene of an unrelated crime; and (6) the trial court erred in allowing a police officer to testify about prior inconsistent statements made by a witness after the State failed to lay a foundation for those statements.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the

record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

III. Discussion

### Ground 1: Ineffective Assistance - Right to Testify

Petitioner first argues that trial counsel was ineffective for failing to inform him that it was his decision whether or not to testify at trial. Petitioner alleges that he notified trial counsel that he wished to testify, but that his request was denied. The right to testify may be waived only by the defendant, and to be valid the waiver must be voluntary, knowing, and intelligent. See Miller v. Dormire, 310 F.3d 600, 603 (8th Cir. 2002).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must first show that his attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). In the instant case, petitioner has not shown that his attorney's performance fell below an objective standard of reasonableness. See id.; Parkus v. Bowersox, 157 F.3d 1136, 1140 (8th Cir. 1998) (the second prejudice prong need not be reached if the performance was not deficient).

Petitioner's trial counsel testified at an evidentiary hearing that she had spoken to petitioner several times about his right to testify and that she advised him that it was his final decision. Res. Ex. J-2 at 3-4, 15. The court of appeals gave deference to the trial court's finding that counsel's testimony was credible because the trial court had the opportunity to witness the testimony first-hand. Resp. Ex. K at 5. Similarly,

this Court has "no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court[.]" See Perry v. Kemna, 356 F.3d 880, 885 (8th Cir. 2004) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Therefore, the testimony found to be credible by the trial court refutes the petitioner's argument.

Furthermore, at the close of the State's case, the trial judge clearly and specifically asked petitioner under oath whether he understood that he had the right to testify and that it was his own decision, not that of his attorneys, to exercise that right. Petitioner answered that he understood and stated that he had spoken to his attorneys on two occasions about his right to testify. Resp Ex. E at 536-537. Petitioner's answers reflect that he did, in fact, voluntarily waive his right to testify and petitioner has failed to provide any evidence to the contrary.

Having reviewed the record, the Court cannot say that the appellate court misconstrued the facts or misapplied federal law in determining that petitioner voluntarily waived his right to testify. Petitioner's first claim is denied.

## Ground Two: Ineffective Assistance - Failure to Call Witness

Petitioner argues that trial counsel was ineffective for failing to interview, investigate, and secure Rodney Silinzy to testify as a witness. Petitioner claims that Mr. Silinzy would have testified that he saw the victim shoot petitioner on several occasions prior to the day the victim was murdered and that the victim had a reputation for violence in the neighborhood. Petitioner alleges that this testimony would have supported his assertion that he acted in self-defense and the outcome of his trial would have been different.

"When a claim for ineffective assistance of counsel is alleged on the basis of

failing to investigate or act, the reasonableness of the nonfeasance must be assessed in light of all circumstances, and a significant degree of deference given to counsel and his or her professional judgment." Griffin v. Delo, 33 F.3d 895, 901 (8th Cir. 1994). "The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." U.S. v. Staples, 410 F.3d 484, 488 (8th Cir. 2005). Petitioner must show that had the individual testified, their testimony "would have probably changed the outcome of the trial." Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996).

The appeals court found that petitioner failed to show that Mr. Silinzy could have been located through reasonable investigation and that Mr. Silinzy's proposed testimony would have provided a viable defense. Trial counsel testified at the motion hearing that she attempted to locate Mr. Silinzy numerous times with the help of her investigator, but that Mr. Silinzy could not be found. Resp. Ex. J-2 at 6-7, 17-18. A trial attorney "is required to make a reasonable investigation in preparing [a] defense, including reasonably deciding when to cut off further investigation." Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006). The trial court concluded that a reasonable investigation was performed and this Court does not find any evidence in the record to the contrary.

Additionally, the appeals court pointed out that Mr. Silinzy was not present when the victim was murdered and that his proposed testimony regarding the prior encounters between petitioner and victim were already presented to the jury. Under federal law, counsel is not ineffective for not calling a witness whose testimony would have been cumulative. Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006). Here, Mr. Silinzy would have testified to information that was already brought to the jury's attention and, as such, his testimony would have been cumulative. The failure to call

witnesses under these circumstances does not amount to ineffective assistance of counsel. Petitioner's second claim is denied.

### Ground Three: Denial of Motion for Continuance

Petitioner argues that the trial court erred in denying his motion for a continuance to depose Dwayne Clanton, Darnel Jackson, and Darrick Baldwin and his alternative motion to strike the witnesses. Petitioner contends that these motions should have been granted because "the State violated Discovery Rule 25.03(A) by neither providing current addresses for these endorsed witnesses, nor producing them for deposition by the defense."

Missouri Supreme Court Rule 25.03(A) is a state discovery rule. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. The issue of whether the State violated Missouri's discovery rules is a question of state law. See Jones v. Steele, No. 4:06-CV-767 (E.D. Mo. Aug. 31, 2009). Petitioner's third claim is denied.

### Ground Four: Denial of Petitioner's Motion for a Mistrial

Petitioner argues that the trial court erred in denying his motion for a mistrial which was based on an allegedly improper statement made by the prosecutor. During closing argument, the prosecutor stated that "finding [petitioner] not guilty would be a license for him to go out and self defend . . . [and] you would be saying that he . . . can self defend himself against anyone he wishes." Resp. Ex. E at 586-87. Petitioner contends that this argument of his future dangerousness was against the trial court's previous cautionary instructions and had a decisive effect on the jury by

suggesting that the jurors were in personal danger.

A prosecutor's closing argument violates due process when it is so egregious that it renders the entire trial fundamentally unfair. See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Pollard v. Delo, 28 F.3d 887, 890 (8th Cir. 1994). "Federal habeas relief should only be granted if the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). "A trial court has broad discretion in controlling the direction of . . . closing arguments[.]" U.S. v. Johnson, 968 F.2d 768 (8th Cir. 1992). A prosecutor's closing argument is not improper where it is a fair reply to a defense argument. U.S. v. Beaman, 631 F.3d 1061, 1065-66 (8th Cir. 2004).

In the instant case, the appeals court found that the prosecutor "was not arguing the defendant's future dangerousness, but was countering the defendant's argument that he acted in self-defense by pointing out that the facts of the case did not fit the law of self-defense." Since the prosecutor was merely responding to the defense's argument, the statement was not improper and the trial court's conclusion was not contrary to established federal law. Petitioner's fourth claim is denied.

### Ground Five: Sustaining the State's Objection

Petitioner argues that the trial court erred in sustaining the State's objection to the admission of evidence showing that shell casings fired from the victim's gun matched shell casings found at the scene of an unrelated crime. Petitioner claims that this evidence demonstrated the victim's association with a past act of violence and was probative of why petitioner feared the victim would harm him, thus supporting his self-defense claim.

Because evidentiary rulings in state court are governed by state law, the only question for this Court's review is whether the evidentiary ruling constituted a constitutional violation. See Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Id. The Eighth Circuit has stated that "[r]ulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

Petitioner has failed to demonstrate a due process violation. As the court of appeals pointed out, petitioner did not provide any evidence at trial showing that he had knowledge of the unrelated crime or of the victim's alleged involvement in the unrelated crime on the night that petitioner shot and killed the victim. Therefore, even if the trial court erroneously excluded this evidence, it could not be said that such an error fatally infected the trial or was so conspicuously prejudicial. Petitioner's fifth claim is denied.

### Ground Six: Police Officer's Testimony

Petitioner argues that the trial court erred in allowing a police officer to testify about prior inconsistent statements made by a witness because the State had not laid a foundation for those statements.

The court of appeals found petitioner's argument to be procedurally barred since trial counsel objected to the officer's testimony on the grounds of improper impeachment and not lack of foundation. The court of appeals explained that foundational objections may not be raised for the first time on appeal. The court of

appeals also added that petitioner's argument lacked merit because the admission of the prior inconsistent statements met the requirements under Mo. Rev. Stat. § 491.074.

"Determinations of state law made by the Missouri Court of Appeals are binding" on federal habeas review. See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. In the instant case, the appeals court based its decision on state law and interpreted a state statute. A state court's error in the interpretation or application of state law is not cognizable for federal review. Further, this Court does not find, and the petitioner has not shown, that the trial court's admission of the officer's testimony infringed upon a specific constitutional protection or was so prejudicial as to amount to denial of petitioner's due process. See Parker, 94 F.3d at 460. Petitioner's sixth claim is denied.

IV.     Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2013.